IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | )    Chapter 13 |
| PAUL WILMER JACOBS, | ) |
| | )    Bankruptcy No. 09-00457C |
| Debtor. | ) |

**ORDER RE: APPLICATION FOR ALLOWANCE OF
SUPPLEMENTAL FEES AND EXPENSES**

This matter came before the undersigned on June 30, 2011 on the Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtor. Debtor Paul Wilmer Jacobs was represented by David Nadler. Michael Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Attorney David Nadler requests additional compensation for services rendered as counsel for Debtor. Trustee filed an objection.

**FINDINGS OF FACT**

Attorney David Nadler has represented Debtor throughout his Chapter 13 case. This Court previously approved payment to Mr. Nadler of $1,750.00 in fees on June 17, 2009. The presumptive limit for Chapter 13 debtor attorney fees at the time of approval was $1,751.00. On May 18, 2011, Mr. Nadler filed an Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtor, seeking allowance of additional fees in the amount of $2,120.00 and expenses of $24.52, for a total amount of $2,144.52. Trustee objected to several entries as further discussed below.

## CONCLUSIONS OF LAW

The bankruptcy court has broad discretion to approve or deny attorney fees. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000). "The burden is on the attorney to prove that the agreed compensation is reasonable." Id. Section 330(a)(1) of the Bankruptcy Code states that a court will award "reasonable compensation" for "actual, necessary" services and expenses. Stalkner v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).

This District sets a base attorney fee for Chapter 13 cases, which is an amount presumptively acceptable without the need for formal application and notice under Rule 2016(a). Bankr. N.D. Iowa L.R. 2016-1(b). The presumptively acceptable fee for this District has recently increased, although it is not retroactive to this case.

> For Chapter 13 cases that were filed between January 1, 2006 and December 31, 2009, the 'base amount' (the amount presumptively allowable) was $1,751.00. Effective March 3, 2010, the Court increased the base amount to $3,001.00. This new base amount applies retroactively to all cases filed on or after January 1, 2010. The provision was not made retroactive to cases filed before that date.

In re Matsen, No. 07-00941, 2010 WL 2176080, at *2 (Bankr. N.D. Iowa May 25, 2010).

In Chapter 13 cases, the presumptively allowable amount is generally considered sufficient to compensate debtors' attorney for services during the life of the plan. In re Marvin, No. 08-02722, 2010 WL 2176084, at *2, 3 (Bankr. N.D. Iowa May 28, 2010). "These services include: counseling the debtors; preparing and filing the debtors' petition, schedules, and Chapter 13 plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions related to the Chapter 13 plan." Id.

If a debtor's attorney seeks fees above the presumptively acceptable amount, the court applies § 330(a) and Rule 2016(a). Stalkner 376 F.3d at 825; In re Sherrets, No. 0507276, 2006 WL 1806351, at *2 (Bankr. N.D. Iowa June 27, 2006). This requires the application of the conventional lodestar analysis. Id. "The lodestar method, calculated as the number of hours reasonably expended multiplied

by a reasonable hourly rate, is the appropriate calculation of fees." In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999). Section 330(a) states that bankruptcy courts should consider the following factors:

    a.    Time spent;

    b.    Rates charged for similar services;

    c.    Whether the fees were necessary and beneficial to the administration and completion of the case;

    d.    Whether the services were performed within a reasonable time given the "complexity, importance and nature of the problem";

    e.    The attorney's skill and expertise in the bankruptcy field; and

    f.    Whether the fee is reasonable based on the customary compensation of comparable practitioners.

11 U.S.C. § 303(a)(3). "[T]ime spent 'handholding' or reassuring debtors, or on matters which do not require attorney services, [however,] are simply not compensable at an attorney's regular hourly rates." Marvin, 2010 WL 2176084, at *3 (citing In re Michels, No. 03-00316, 2004 WL 1718074, slip op. at *3) (additional citation omitted). Additionally, "vagueness in billing statements is prohibited. No compensation will be granted for work performed which is inadequately explained." In re Simon, No. 94-21591KD, slip op. at 2 (Bankr. N.D. Iowa April 23, 1997). The court will not indulge in guesswork or undertake extensive labor to justify fees not justified in the application itself. Id.

## ANALYSIS

    At the hearing on June 30, 2011, Mr. Nadler agreed that Trustee's first objection regarding two entries on May 12, 2009 and one entry on June 18, 2009 should have been included in the initial order for fees. Mr. Nadler also agreed that Trustee's second objection regarding three entries that occurred before the confirmation of the plan should have been included in the presumptive limit fee

3

awarded at confirmation. Mr. Nadler disagreed with Trustee's third objection that the May 6, 2011 entry and May 12, 2011 entry regarding Debtor's tax refund order were duplicates. Furthermore, upon the Court's questioning of the February 18, 2010 entry regarding "tel conf with client's sister re status," Mr. Nadler indicated it was his normal practice to take such calls, but he understood if the Court felt he should not be compensated for those services. Because it is duplicative for an attorney to review a tax order that he drafted, based on all of the Trustee's objections and the entry that concerned this Court at the hearing, the Court will not compensate Mr. Nadler for those services.

Mr. Nadler provided Debtors with the basic services required in a Chapter 13 case. The presumptively reasonable amount for this case at the time of filing was $1,751.00. Before Mr. Nadler's most recent request, this Court already awarded him $1,750.00. The issues in this case were not novel or complex and did not require special skills or experience of Debtor's attorney.

In applying the lodestar analysis, the Court finds Mr. Nadler's hourly rate of $200.00 at the high end, but not unreasonable. This Court, however, is concerned with the lack of detailed descriptions of both Mr. Nadler's fees and out-of-pocket expenses. When given the opportunity to further explain the charges, Mr. Nadler either could not provide details about the entries or provided broad comments which were not explanatory. Accordingly, this Court has little basis to judge the merits of the entries and how they are related to the bankruptcy filing. Thus, the Court approves the following fees and expenses:

| Date | Description | Hours | Charge |
|---|---|---|---|
| 04/05/11 | Prepare and file motion to use tax refund | 0.4 | $80.00 |
| 05/06/11 | Prepare order re tax refund | 0.4 | $80.00 |
| 05/12/11 | Receive and review response of trustee to motion | 0.2 | $40.00 |
| Total Fees | | 1.0 | $200.00 |
| Total Expenses | | | $24.52 |
| **Total** | | | **$224.52** |

Including this $224.52 amount, Mr. Nadler's award to-date is $1,974.52.

4

      In making this finding, the Court has assumed the fees awarded are projected to cover the full plan term. For any future applications, Mr. Nadler will be required to present more detailed itemizations and argument to persuade this Court that additional fees and expenses are necessary beyond what was already anticipated and allowed for the life of the plan.

      **WHEREFORE**, the Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtor is GRANTED IN PART.

      **FURTHER**, Mr. Nadler is entitled to $224.52 for additional fees and expenses, to be paid through Debtor's Chapter 13 Plan.

      Dated and Entered:
      July 18, 2011

_____
Paul J. Kilburg
U.S. Bankruptcy Judge